**JENKINS et al. v. SMITH, Collector of Internal Revenue.**

No. 56.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1938.

828

James W. Morris, Asst. Atty. Gen., Sewall Key and Maurice J. Mahoney, Special Assts. to Atty. Gen., Robert P. Butler, U. S. Atty., and Louis Y. Gaberman, Asst. U. S. Atty., both of Hartford, Conn., for appellant.

Curtiss K. Thompson, of New Haven, Conn., and John H. Weir, of New Haven, Conn., for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The defendant appeals from a judgment against him in an action to recover income taxes for the year 1933, unlawfully assessed, but paid by the plaintiffs who are executors of the taxpayer. The Deputy Commissioner assessed a deficiency against them on January 21, 1936, and the list was sent to the collector in February, 1936. He failed to serve any notice to pay the deficit upon the plaintiffs until April 14, 1936, although § 1545 of Title 26, U.S. Code, 26 U.S.C.A. § 1545, requires him to do so within ten days after he receives the list. The plaintiffs nevertheless paid the deficiency so demanded, later claimed a refund, and have now brought this action to recover the payment. They maintain that because the demand was not made in time, it was invalid, and that their liability is conditional upon a valid demand.

The argument has in part turned upon whether the timeliness of the demand provided in § 1545 of Title 26 is a condition upon the collector's power to collect any part of the tax assessed, or only the penalty and interest; but we do not think that issue material here, and shall not decide it. The section limits only the collector's power to "collect", and he can "collect" a tax only by distress. It makes no difference here whether by his delay he lost the power as to the whole tax, or as to only a part of it, for the liability remained, and could have been enforced by the United States by an action, either upon the assessment, or upon the duty imposed by the statute alone. Meredith v. United States, 13 Pet. 486, 493, 10 L.Ed. 258; Dollar Savings Bank v. United States, 19 Wall. 227, 22 L.Ed. 80; United States v. Chamberlin, 219 U.S. 250, 258–262, 31 S.Ct. 155, 55 L.Ed. 204; Price v. United States, 269 U.S. 492, 500, 46 S.Ct. 180, 70 L.Ed. 373; Milwaukee County v. White Co., 296 U.S. 268, 271, 56 S.Ct. 229, 80 L.Ed. 220. When, therefore, the plaintiffs paid the deficiency in response to the collector's demand, they discharged a legally enforceable liability; and they cannot recover the money in this action which only lies for money unjustly retained. In Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 47 S.Ct. 389, 71 L.Ed. 676, it was held that a statute which set a limitation upon any "suit or proceeding" covered a distress as well as an action; but the two remedies were distinguished and the case turned upon the fact that a distress was a "proceeding". Conversely, since the collector has no duty, or power, to sue for a tax, whether assessed or not, a limitation upon his power to "collect" is a limitation only upon his power to distrain. Whether the lien of the tax is affected by the collector's delay, we have no occasion to inquire. Lyon v. Alley, 130 U.S. 177, 184, 9 S.Ct. 480, 32 L.Ed. 899; United States v. Allen, C. C., 14 F. 263. The notice was not inevitably a constitutive factor. United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598.

Judgment reversed.