**UNITED STATES of America**

v.

**AMERICAN BANK & TRUST COMPA-NY OF PENNSYLVANIA.**

No. 84–5624.

United States District Court,
E.D. Pennsylvania.

Aug. 9, 1985.

Rachel Shao, Asst. U.S. Atty., Philadelphia, Pa., Michael J. Kearns, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

Thomas W. Ostrander, Duane, Morris & Heckscher, Philadelphia, Pa., for American Bank & Trust Co. of Pa.

MEMORANDUM and ORDER

SHAPIRO, District Judge.

Pending before this court is the motion of defendant American Bank & Trust Company of Pennsylvania ("American Bank") for summary judgment. This civil action was brought by the United States to recover a portion of unpaid employment taxes from a supplier of funds to the employer under § 3505(b) of the Internal Revenue Code (the "Code"). Jurisdiction over this action is conferred by § 7402 of the Code.

During the period July 1, 1978 through December 31, 1978, an employer, Eastern Asphalt Company ("Eastern"), failed to make timely payments of income and FICA taxes required to be deducted and withheld from the wages of its employees. Eastern was assessed by the Internal Revenue Service ("IRS") on two occasions for amounts representing income and employment taxes required to be withheld from Eastern's employees. In November, 1978, Eastern was assessed $142,426.24 for taxes for the third quarter of 1978 and in February, 1979, $21,117.46 for taxes for the fourth quarter of 1978. In an effort to recover this $160,-000 in unpaid taxes, the IRS made assessments under § 6672 of the Code against two allegedly responsible Eastern officers, Harlan Conly ("Conly") and William Peckham ("Peckham"). Section 6672 provides in part:

**Failure to collect and pay over tax, or attempt to evade or defeat tax**

**(a) General rule.—** Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

The penalty was assessed against Conly in December, 1980, and against Peckham in November, 1981. Conly paid a portion of the assessed amounts and then sought relief from the penalty by filing a claim for refund with the IRS; the claim was denied.

On October 25, 1983, Conly brought an action for refund; the United States filed a counterclaim against Conly and a third party complaint against Peckham for the assessed amounts. That action, Civil Action No. 83–5177, is pending as a related case.

From July 1, 1978 through December 31, 1978, American Bank supplied funds to or for Eastern's account for the purpose of paying wages of Eastern employees. The Government claims that such funds were supplied by American Bank with actual notice and knowledge that Eastern did not intend to, or would not be able to, make timely payments of the amount of federal taxes required to be deducted and withheld from such wages. The Government claims that American Bank is, therefore, liable for a portion of the assessed amounts under § 3505(b) of the Code:

> **(b) Personal liability where funds are supplied.**—If a lender, surety, or other person supplies funds to or for the account of an employer for the specific purpose of paying wages of the employees of such employer, with actual notice or knowledge (within the meaning of section 6323(i)(1) ) that such employer does not intend to or will not be able to make timely payment or deposit of the amounts of tax required by this subtitle to be deducted and withheld by such employer from such wages, such lender, surety, or other person shall be liable in his own person and estate to the United States in a sum equal to the taxes (together with interest) which are not paid over to the United States by such employer with respect to such wages. However, the liability of such lender, surety, or other person shall be limited to an amount equal to 25 percent of the amount so supplied to or for the account of such employer for such purpose.

The complaint in this action claiming $109,000 from American Bank was filed on November 15, 1984 and served by mail on or about November 29, 1984. American Bank contends that this was the first notice given to the Bank that the Government sought to hold it liable for taxes due from Eastern for the third and fourth quarters of 1978. American Bank also asserts that, prior to the commencement of this action, the Peckhams had guaranteed certain obligations owed to the Bank by Eastern and Granite Industries ("Granite"). In 1979, American Bank agreed to compromise and settle its claims and judgments against the Peckhams by a substantial compromise of its rights; American Bank assigned the judgments held by the Bank to the use of Peckhams' counsel in return for payment to the Bank of only $30,000. American Bank asserts that had it been notified of its possible liability for unpaid taxes of Eastern, for which Peckham as a responsible officer was primarily liable, it would not have released its other claims against Peckham.

American Bank claims that the Government may not maintain this action because it failed to provide the Bank with notice of the assessment of the unpaid withholding tax as required by § 6303(a):

> § 6303. **Notice and demand for tax**
>
> (a) **General rule.**—Where it is not otherwise provided by this title, the Secretary or his delegate shall, as soon as practicable, and within 60 days, after making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.
>
> (b) **Assessment prior to last date for payment.**—Except where the Secretary or his delegate believes collection would be jeopardized by delay, if any tax is assessed prior to the last date prescribed for payment of such tax, payment of such tax shall not be demanded under subsection (a) until after such date. Aug. 16, 1954, c. 736, 68A Stat. 775.

The Government maintains that § 6303(a) requires that notice is to be given only to the specific taxpayer or taxpayers on whom the tax is imposed, not third parties who might be liable for the taxes.

Alternatively, the Government argues that even if § 6303(a) requires notice, failure to provide it precludes only administrative levies or liens, but not the institution of civil proceedings.

For the reasons set forth in *United States v. Associates Commercial Corporation*, 721 F.2d 1094 (7th Cir.1983) and *United States v. Jersey Shore State Bank*, 628 F.Supp. 15 (M.D.Pa.1985), the Govern-(M.D.Pa. March 20, 1985), the Government's failure to provide American Bank with timely notice of the taxpayer assessment precludes it from maintaining this action. American Bank is a person liable within the definition of § 6303(a) and nothing in § 3505(b) exempts lenders from § 6303(a) notice. The court rejects the Government's argument that requiring § 6303 notice for lenders subject to § 3505(b) liability will impose a prohibitory investigatory and economic burden on the Government and make § 3505(b) unenforceable as speculative. The Government has offered no proof that it could not have provided American Bank with notice of the assessment against Eastern. Even if there is an administrative burden to the Government in providing notice, any potential burden is outweighed by the possibility of prejudice to the lender not receiving notice. In this case the possibility is an undeniable reality.

The Government argues that even if the statute requires that the Government provide American Bank with notice of the assessment, failure to provide such notice does not preclude suit against the Bank under § 3505. The United States has essentially two methods available to collect taxes. One method is the administrative collection of taxes by the IRS through use of liens and levies. The second method is by suit brought by the United States in federal district court for the collection of tax debts owed to the United States. The Government maintains that the notice requirement of § 6303(a) applies only to administrative proceedings, not to actions in federal court. It contends that its right of action in district court is independent of the assessment process; *Jenkins v. Smith*, 99

F.2d 827 (2d Cir.1938) and *United States v. Erie Forge*, 191 F.2d 627 (3d Cir.1951). In those cases, the courts interpreted 26 U.S.C. § 1545, the predecessor to § 6303, and held that failure to give notice did not bar the United States from instituting civil proceedings.

However, those cases were decided under a statutory scheme different from the present Code. Under the prior statute, the tax *collector* was required to give notice of assessment. However, the tax collector had the power to collect taxes only by administrative levy. Civil proceedings for the collection of taxes were instituted by a different official, the tax *commissioner*. Since the notice requirement applied only to the tax collector, not to the commissioner, the courts found that the failure to provide notice did not bar the institution of civil proceedings by the commissioner.

Under the current Code, the Secretary of the Treasury or his delegate may collect the unpaid tax by levy or civil proceeding. "By necessary implication, then, where ... the same official ... has power both to collect the levy and to authorize civil collection proceedings, *Jenkins* supports the conclusion that failure to provide statutorily required notice bars both recovery methods." *United States v. Associates Commercial Corporation*, 751 F.2d at 1100. We agree with the view expressed in *Associates* that there is no sound basis for making a distinction between administrative levies and civil collection proceedings. Nothing in § 6303(a) nor any other statute suggests the present notice requirement is limited to administrative collection proceedings.

American Bank has presented an even more compelling case for requiring notice than the defendant in *Associates*. American Bank has shown actual prejudice as a result of the Government's failure to provide notice. The Bank did not learn until more than six years after it provided money to Eastern that the Government claimed it was liable for a portion of Eastern's unpaid taxes. After six years, records and

personnel may no longer be available. The obligation to mitigate damages by voluntary payment is lost and interest is assessed. Also, the possibility of indemnification from the borrower diminishes. In this case, American Bank compromised and settled rights against the Peckhams who would have been liable over to it. Such claims may not have been settled had the Bank been aware of its potential secondary tax liability for which Eastern, Conly and Peckham were primarily liable. American Bank has suffered actual prejudice as a result of the Government's failure to provide timely notice.

Because the court finds that the Government was required to give timely notice to American Bank of its potential liability under § 6303(a) of the Code and because the Bank suffered prejudice as a result of not learning of its potential liability until six years after the assessment, summary judgment will be granted in favor of American Bank.