UNITED STATES of America,
Plaintiff-Appellant,

v.

HUNTER ENGINEERS &
CONSTRUCTORS, INC.,
Defendant-Appellee.

No. 84–2652.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 20, 1985.

Decided May 21, 1986.

Michael L. Paup, Farley P. Katz, Wynette Hewett, Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Mervyn S. Gerson, Nancy N. Gerson, Honolulu, Hawaii, for defendant-appellee.

Before SKOPIL, FLETCHER, and ALARCON, Circuit Judges.

SKOPIL, Circuit Judge:

The United States appeals the district court's summary judgment in favor of Hunter Engineers & Constructors, Inc. ("Hunter"). The issue on appeal is whether the United States' failure to give notice to a third party lender within sixty days of assessment against an employer for unpaid withholding taxes bars a subsequent civil action against the lender to collect the taxes. We conclude no such notice is required and the action is not barred. We reverse and remand for further proceedings.

## FACTS AND PROCEEDINGS BELOW

The United States sought a personal judgment against Hunter for tax liability under 26 U.S.C. § 3505(b) (1982). The alleged liability arose from unpaid federal withholding taxes owed by Hunter's subcontractor, L & L Construction, Inc. ("L & L"). Hunter allegedly supplied funds to L & L for the purpose of paying L & L's employees' net wages with actual or constructive notice that L & L would not remit the corresponding withholding taxes to the United States.

On December 5 and 19, 1977 the United States assessed L & L for unpaid withholding taxes due for the second and third quarters of 1977.[1] Hunter was not given

---

1. Assessment of a tax is "no more than the ascertainment of the amount due and the formal entry of that amount on the books of the [S]ecretary [of Treasury]." *United States v. Dixieline Financial, Inc.,* 594 F.2d 1311, 1312 (9th Cir.1979).

notice of L & L's assessments until September 19, 1978. When the government sought to collect from Hunter, Hunter claimed that either it was not liable under section 3505(b) or that the government's action was barred for failure to give timely notice. The government commenced this action in the district court on December 5, 1983, exactly six years after the first assessment.

### STANDARD OF REVIEW

The issue presented on appeal is purely legal. Our review is de novo. See *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, — U.S. —, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). See also *Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983) (trial court's grant of summary judgment reviewed de novo).

### DISCUSSION

A. Statutory Background.

The United States premises Hunter's liability on section 3505(b), which imposes liability on a lender who supplies funds to an employer for the specific purpose of paying wages knowing that the "employer does not intend to or will not be able to make timely payment" of the corresponding withholding taxes.[2] 26 U.S.C. § 3505(b) (1982). The district court, however, did not determine Hunter's liability because it found that the United States failed to give Hunter timely notice as provided by 26 U.S.C. § 6303(a) (1982).

Section 6303(a) reads in pertinent part: (a) General rule. Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the

unpaid tax, stating the amount and demanding payment thereof....

26 U.S.C. § 6303(a) (1982) (emphasis added).[3]

The government argues that section 6303(a) requires notice only to taxpayers who have been assessed for delinquent taxes. This follows from the government's conclusion that notice is only essential to the administrative collection process (lien and levy) and, therefore, need not be given to those incurring third party liability for taxes. Additionally, the government argues that, as a practical matter, it is impossible to give notice to third party lenders within sixty days of assessment against an employer. Even if notice must be given to lenders, the government asserts that failure to give such notice does not bar its common law right to sue on a debt.

Hunter contends that even if the government can sue independently for the liability in some cases, it cannot do so here because the statute of limitations has run. The government could independently bring an action, Hunter argues, against either L & L or Hunter within three years of L & L's filing, or it could timely assess and notify L & L of the assessment, thereby procuring an additional six years in which to sue L & L. See 26 U.S.C. §§ 6501(a), 6502(a)(1) (1982). But, Hunter concludes, in order for the assessments against L & L to extend the statute of limitations by six years for an action against Hunter, the government was required to give Hunter timely notice of the assessments.

B. Section 6303(a) Notice Requirements.

■ Hunter relies on *United States v. Associates Commercial Corp.,* 721 F.2d 1094 (7th Cir.1983). There, the Seventh Circuit held that failure to give a lender

2. Use of the word "lender" is not intended to limit the applicability of section 3505(b) only to lenders. It is used instead as a convenient way to refer to all persons who may be subject to section 3505(b) liability. See *United States v. Associates Commercial Corp.,* 721 F.2d 1094, 1098 n. 9 (7th Cir.1983).

3. Section 6303(a) is found in Subtitle F of the code regarding "Procedure and Administration."

The tax liability imposed by section 3505(b) is found in Subtitle C regarding "Employment Taxes." Section 3505(b) does not authorize any action but merely defines the tax liability. The procedural requirements for enforcement of liabilities are set forth in Subtitle F. See *United States v. Associates Commercial Corp.,* 548 F.Supp. 171, 175 n. 1 (N.D.Ill.1982), aff'd, 721 F.2d 1094 (7th Cir.1983).

timely section 6303(a) notice barred an action by the United States against that lender. Id. at 1100. The United States sued the lender to collect taxes due under section 3505(b) more than three years after the assessments against the employer. The government did not give the lender notice within sixty days of the assessments. In holding that the lack of timely notice barred the government's action, the court reasoned that the lender is a "person liable for the unpaid tax" because the lender's liability is a derivative tax liability of the employer. Id. at 1098. Since Congress did not specifically override the notice requirement in section 3505(b), the Seventh Circuit reasoned that Congress intended section 6303(a) to apply to section 3505(b) actions. Id. at 1099 n. 10.

That position has also been adopted by the Eleventh Circuit in *United States v. Merchants National Bank of Mobile,* 772 F.2d 1522 (11th Cir.1985) (per curiam), app. for cert. pending (Sup.Ct. No. 85–1480). In *Merchants,* the United States brought an action against a lender more than three years after assessments against the employer. The lender did not receive timely notice of the assessments. Id. at 1523. The court held that the government's failure to give the statutorily prescribed notice within sixty days barred the action. Id. at 1524; see also *United States v. Messina Builders and Contractors Co.,* No. 84–0668–CV–W–9 (W.D.Mo. Oct. 10, 1985) (adopting holding in Associates); *United States v. American Bank & Trust Co. of Pennsylvania,* 623 F.Supp. 708, 710 (E.D. Pa.1985) (same).

More recently, the Third Circuit rejected the holding in Associates. In *United States v. Jersey Shore State Bank,* 781 F.2d 974 (3d Cir.1986), a divided court held that the government's failure to provide a third party lender with notice of the assessments against a taxpayer did not bar an action against the lender to collect tax liabilities under section 3505. Id. at 981; see also *United States v. National Acceptance Co. of America,* 603 F.Supp. 1351, 1353 (E.D.Mich.1985) (rejecting holding of Associates); *United States v. Marine Midland Bank,* 544 F.Supp. 268, 270–71 (W.D.N.Y.

1982) (holding no authority existed to require section 6303 notice to a lender in order to institute a section 3505(b) action). The majority in *Jersey Shore* reached its conclusion in what we conclude is a careful and thoughtful review of the statutory scheme, the legislative history, and the relative burdens placed on both parties by its decision. We are persuaded by our examination of the majority's reasoning in *Jersey Shore.* We therefore adopt its holding that the government is not required to provide a lender with section 6303(a) notice as a prerequisite to a section 3505 action.

Both Associates and Jersey Shore appropriately begin with an examination of the plain meanings of sections 3505(b) and 6303(a). E.g., *Hughes Air Corp. v. Public Utilities Commission,* 644 F.2d 1334, 1337 (9th Cir.1981) (primary rule of statutory construction is to ascertain and give effect to the plain meaning of the language). Section 6303(a) states that "each person liable for the unpaid tax" shall be given notice within sixty days of assessment. 26 U.S.C. § 6303(a) (1982). It does not provide that only "taxpayers" or "persons assessed against" are to be given notice. Further, the government does not contend that Congress "otherwise provided," that notice need not be given to lenders who are liable for taxes assessed against an employer. If section 6303(a) required nothing more than notice "to each person liable for the unpaid tax," we would be persuaded that such clear and unambiguous language "be regarded as conclusive." *Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). But the statute also requires the notice to state the amount owing and to make demand for payment. 26 U.S.C. § 6303(a). The court in *Jersey Shore* found these added requirements to be significant in determining the intent of Congress. *Jersey Shore,* 781 F.2d at 978.

Section 6303(a) clearly was intended to provide the taxpayer with a demand for payment to allow the taxpayer "one last opportunity to pay the taxes before the government invokes the full panoply of its administrative collection powers." Id. But

notice to a lender cannot fulfill these purposes. First, Congress did not authorize assessment against third parties under section 3505 to enable the government to use its lien and levy powers. *See United States v. First National Bank of Circle,* 652 F.2d 882, 889 (9th Cir.1981); *United States v. Dixieline Financial,* 594 F.2d 1311, 1312–13 (9th Cir.1979). Second, the amount of tax liability due from the taxpayer could only fortuitously be the same for the third party lender. *See Jersey Shore,* 781 F.2d at 878. The lender is not liable for the employer's portion of payroll taxes and under section 3505(b) liability is limited to twenty-five percent of its loan. Thus, the employer's liability in the 6303(a) notice probably overstates the lender's potential liability. *Id.* Finally, a section 6303(a) demand for collection is not a demand to the third party lender for payment. At that point in the collection process the government is seeking to collect from the taxpayer employer and not the lender.

These factors pursuade us that Congress likely did not intend to require that notice of assessment be sent to third party lenders. While section 6303(a) is not completely unambiguous, a reasonable interpretation is that notice is required only to individuals against whom the taxes have been assessed and not to third party lenders.

When the language of a statute does not clearly reveal congressional intent, it is appropriate to turn to legislative history. *Heppner v. Alyeska Pipeline Service Co.,* 665 F.2d 868, 871 (9th Cir.1981). The legislative history addressing section 3505(b) indicates that lenders are "persons liable for the unpaid tax[es]" under that section. S.Rep. No. 1708, 89th Cong., 2d Sess., reprinted in 1966 U.S.Code Cong. & Ad. News 3722, 3743. The Committee on Finance stated, "where third persons finance employers' payrolls ... they should be liable for the withholding taxes." *Id.* The Committee went on to say that section 3505(b) makes lenders "liable for the payment of withholding taxes...." *Id.* While these statements are unequivocal and clearly indicate Congress' intent that lenders be liable within the ambit of section 3505(b),

they do not indicate whether lenders are due the notice specified in section 6303(a).

The legislative history of section 6303(a) is more enlightening. *See Jersey Shore,* 781 F.2d at 979–81. The predecessor to section 6303(a) explicitly applied only to the Tax Collector's use of administrative collection processes. I.R.C. § 3655 (1952). Civil action could be commenced only by the Commissioner. I.R.C. § 3740 (1952). Assessment and notice were not prerequisites to a civil action to collect taxes. *See United States v. Erie Forge Co.,* 191 F.2d 627, 631 (3d Cir.1951), cert. denied, 343 U.S. 930, 72 S.Ct. 759, 96 L.Ed. 1339 (1952). The correlation between the type of collection process and the notice due was readily defensible. Upon assessment and demand a taxpayer's property became subject to summary administrative processes. The purpose of notice was to protect the taxpayer. That need is not as evident in an action under section 3505, where the government cannot proceed administratively. *Jersey Shore,* 781 F.2d at 979–80.

Section 6303(a) was intended to make only "two changes from existing law," neither of which affected who was entitled to receive notice. *See* H.R.Rep. No. 1337, 83d Cong., 2d Sess. A405–06, reprinted in 1954 U.S.Code Cong. & Ad.News 4017, 4553; S.Rep. No. 1622, 83d Cong. 2d Sess. 574, reprinted in 1954 U.S.Code Cong. & Ad.News 4621, 5222–23. A more significant change was made administratively when the office of Tax Collector was abolished and the power to summarily collect taxes was turned over to the Commissioner. *See Jersey Shore,* 781 F.2d at 981. Congress was fully aware of that change when it enacted the 1954 Code because it incorporated the reorganization by reference. 26 U.S.C. § 7804 (1982). The predecessor to section 6303(a) clearly required notice to only those subject to administrative collection processes. Although the Commissioner eventually assumed both administrative and civil collection responsibilities, nothing indicates that section 6303(a) was intended to apply to the government's civil collection actions. We agree with the Third Circuit that there is no indication in the legislative history that Congress in-

tended on enactment of the 1954 Code to change the law with respect to who must receive notice of assessment. *Jersey Shore*, 781 F.2d at 981.

Finally, Hunter argues that we have previously indicated that section 6303(a) notice to lenders is required. In *Dixieline*, 594 F.2d at 1313, the lender argued that the government was required under section 3505(b) to file an independent assessment against the lender. We rejected that contention and held that section 3505(b) does not require assessment against the lender because assessments need only be made pursuant to tax returns. Id. at 1312. Since the lender's liability resulted from the employer's tax deficiency, only the employer need be assessed. Nevertheless we stated:

> Dixieline [lender] protests that without requiring this liability to be assessed against it, it would not have due notice of the fact that the government is looking to it for payment. This is not so. 26 U.S.C. § 6303 requires that notice of the assessment be given within 60 days "to each person liable for the upaid tax." If Dixieline was not given notice of the assessment against the employer of the tax for which it is being held liable, then the case may present a question as to the consequences that flow from that fact. [Footnote omitted.] However, dismissal by the district court was not based on failure to give notice but on failure to assess against Dixieline a tax already assessed against the employer.

Id. at 1313 (emphasis added).

Admittedly, our language can be interpreted to imply that notice to lenders is required. Indeed, courts have relied in substantial part on *Dixieline* to conclude that notice to lenders is required. See, e.g., *Associates*, 721 F.2d at 1099–1100; *United States v. Merchants National Bank of Mobile*, No. 83–0266–T (S.D.Ala. May 31, 1984), aff'd, 772 F.2d 1522 (11th Cir.1985). We believe that reliance was misplaced. We clearly indicated that only the issue of a separate assessment to the lender was before us. *Dixieline*, 594 F.2d at 1313. In fact, we acknowledged the government's argument that the failure to

give notice does not void the assessment and does not prevent recovery by civil action. Id. at n. 4. We did not decide the issue because "this question [was] not presented here." Id. We believe we clearly reserved the issue for another day. *Dixieline* does not alter our conclusion today that section 6303(a) does not require notice to third party lenders facing potential liability under section 3505.

## C. Statute of Limitations.

■ Notwithstanding the power of the government to bring a civil action in the absence of notice of the assessments to Hunter, a question still remains as to the applicable statute of limitations. Section 6501(a) provides in pertinent part:

> (a) General rule. Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed ... and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

26 U.S.C. § 6501(a) (1982) (emphasis added). The section establishes a general three-year statute of limitations for debt collection actions. Section 6501(a) is qualified by section 6502(a)(1) which reads:

> (a) Length of period. Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
>
> (1) within 6 years after the assessment of the tax ....

26 U.S.C. § 6502(a)(1) (1982) (emphasis added). This section affords the government an additional six years after the assessment date to commence an action. See also 26 C.F.R. § 31.3505–1(d)(1) (1985) (government may collect from lender by "civil proceeding commenced within 6 years after assessment of the tax against the employer").

As evidenced by these statutes and regulation, assessment is more than just an administrative step in the enforcement of

liens and levies. Assessment also serves to extend the statute of limitations. Hunter complains that an assessment against the employer should not serve as an extension of time to proceed against a lender, especially when timely notice of the assessment is not given to the lender.

In Associates, the Seventh Circuit reasoned that Congress sought in section 3505 to establish a nexus between the taxpayer's obligation and the lender's liability. Associates, 721 F.2d at 1097. Section 3505(c) provides that any collection from the employer is a credit against the lender's liability. "Because of the marriage between a lender's liability and a taxpayer's liability, the limitations period with respect to the lender's liability should be coterminous with the limitations period applicable to the taxpayer." Id.

Aside from congressional intent, we conclude that a shorter limitations period for lenders than employers would serve to thwart the government's efforts to collect the tax liabilities from the employer. The government would be forced to file an action against the lender within three years of the assessment even if collection efforts against the employer were ongoing. Although Hunter would benefit from a shorter limitations period, lenders as a lot would suffer if the government was forced to look to them for collection sooner than against employers.

Finally, Hunter argues that an extended statute of limitations in the absence of notice creates an unreasonable source of prejudice to the lender. See *Jersey Shore*, 781 F.2d at 984 (Judge Weis, dissenting) (notice to the lender allows it to preserve pertinent records, arrange for payment, compromise, or take other steps in its best interest); *American Bank & Trust*, 623 F.Supp. at 710 (noting the possibility of prejudice to the lender not receiving notice). The answer, we believe, is found in Congress' formulation of section 3505. Liability is imposed on a third party lender only if the lender has actual knowledge that the employer does not intend to pay the required taxes, or if the lender itself is directly paying net wages. 26 U.S.C. §§ 3505(b) and (a). Thus, the lender is "actually or constructively aware of its potential liability for the taxes required to be deducted and withheld." *Jersey Shore*, 781 F.2d at 982 (emphasis in original). While we agree that this statutory scheme does not wholly negate the possibility of prejudice to the lender, it is clear that Congress sought to impose liability only when the government could meet its burden of proof under section 3505. Thus, we conclude that a lender who is liable under section 3505 must have necessarily been intimately involved in the employer's failure to pay taxes and consequently does not need formal notice of such liability to enable it to defend itself in a subsequent action.

## CONCLUSION

The district court erred in holding that this action was barred by the government's failure to give timely notice of the assessments against L & L. The assessments against L & L served to extend the statute of limitations against Hunter so that this action was timely filed.

REVERSED and REMANDED.