**UNITED STATES of America, Plaintiff,**

v.

**OLYMPIC SAVINGS AND LOAN ASSOCIATION, Defendant.**

**No. C87–910D.**

United States District Court,
W.D. Washington
at Seattle.

Jan. 13, 1988.

Michael Powell, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

John J. O'Donnell, Karr, Tuttle, Koch, Campbell, Mawer, Morrow & Sax, P.S., Seattle, Wash., for defendant.

## MEMORANDUM AND ORDER

DIMMICK, District Judge.

THIS COURT has before it defendant's motion for a judgment on the pleadings. Defendant contends that the government's tax claim is barred by the statute of limitations. The issue presented apparently is one of first impression: whether the government's agreement with a taxpayer to extend the period of limitations may be enforced against a third party. For the following reasons, defendant's motion is denied.

## BACKGROUND

Defendant Olympic Savings & Loan Association paid wages directly to employees of Hank Hanson Builder who were hired to construct a residence. Hanson's October 1978 tax return showed undeposited federal employment taxes for the first and second quarters of 1978. The government seeks to impose liability for the unpaid taxes on defendant Olympic Savings as a third party paying or providing for wages. 26 U.S.C. § 3505.

The general statute of limitations allows the government six years after assessment of the tax within which to commence collection by levy or by a court proceeding. 26 U.S.C. § 6502(a)(1). Likewise, IRS regulations allow six years after assessment of the tax against the employer within which to commence a civil proceeding against a third-party lender. 26 C.F.R. § 3505–1(d)(1). The unpaid employment taxes were assessed against Hanson on November 14, 1978. Ordinarily, the six-year period in which to commence an action against Olympic Savings would have expired on November 13, 1984. Since the government waited until July 1, 1987 to file a complaint against Olympic Savings, the suit arguably is time-barred.

However, the government argues that the statute of limitations was extended by an offer in compromise (Form 656) filed by Hanson on September 4, 1984. Under paragraph 6 of the offer, Hanson agreed to suspend the statute of limitations for the period that the offer was pending, plus one year. Hanson's offer in compromise was rejected on April 23, 1986. When the limitations period was suspended by the submission of the offer, there remained two months and ten days within which to collect the tax. Two months and ten days from April 23, 1987, was July 3, 1987. Therefore, the government argues, the complaint filed on July 1, 1987 was timely.

Olympic Savings avers that at no time prior to the government's response in opposition to this motion was Olympic Savings aware that the IRS had accepted an offer in compromise suspending the period of limitations. Olympic Savings argues that a private agreement between the taxpayer and the IRS extending the six-year period of limitations is not effective as to a third-

party lender who has no notice of the agreement.

## ANALYSIS

### I.

The applicable statute of limitations is set forth in section 6502(a) of the Internal Revenue Code, which states:

> Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
>
> (1) within six years after the assessment of the tax, or
>
> (2) prior to the expiration of any period for collection agreed upon in writing by the secretary or his delegate and the taxpayer before the expiration of such six-year period....
>
> The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon....

26 U.S.C. § 6502(a). Thus, the Code permits extensions of the statute of limitations by agreement, but is silent on the effect such extensions would have on third parties.

The government cited *United States v. Hunter Engineers & Constructors, Inc.*, 789 F.2d 1436 (9th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987), in support of its contention that Hanson's offer in compromise extended the statute of limitations as against all parties. There, the Ninth Circuit held that the third-party lender upon which section 3505 liability was imposed was not entitled to the notice of assessment required by 26 U.S.C. § 6303(a). *Id.* at 1440.[1] The position taken by the Ninth Circuit was affirmed by the United States Supreme Court in a different case. *See Jersey Shore State Bank v. United States*, — U.S. —, 107 S.Ct. 782, 786–87, 93 L.Ed.2d 800 (1987).

Neither *Hunter Engineers* nor *Jersey Shore* are controlling here. The issue in those cases was whether liability of third-party lenders under section 3505 was predicated on notice of assessment pursuant to section 6303(a). The issue presented here is whether an agreement pursuant to section 6502(a) extending the period of limitations on administrative and civil collection proceedings is effective against third-party lenders who were not given notice of the agreement.

However, the holdings in *Hunter Engineers* and *Jersey Shore* support the government's position here. If, as those cases held, a third-party lender is not entitled to notice of an assessment, there is no logical basis for holding that a third-party lender is entitled to notice of an agreement extending the statute of limitations.

Olympic Savings argues that it was prejudiced by not receiving notice of the offer in compromise. This concern was noted in *Hunter Engineers*, where the Ninth Circuit observed that liability is imposed on a third-party lender under 26 U.S.C. § 3505(a) only if the lender itself is directly paying net wages. 789 F.2d at 1441. Thus the third-party lender has actual or constructive notice of its potential tax liability. *Id.* Here, Olympic Savings had actual knowledge of its potential liability via the notice of assessment. If any prejudice befell Olympic Savings, it was not caused by lack of notice, but by Olympic Savings' failure to investigate whether the statute of limitations had indeed run.

Olympic Savings also argues that to allow the government to proceed against Olympic Savings would violate the policies

---

1. The Ninth Circuit's opinion in *Hunter Engineers* was shared by the Third Circuit, *United States v. Jersey Shore State Bank*, 781 F.2d 974 (3d Cir.1986), but was opposed by the Seventh, Eighth, and Eleventh Circuits. *See United States v. Associates Commercial Corp.*, 721 F.2d 1094 (7th Cir.1983); *United States v. Messina Builders and Contractors Co.*, 801 F.2d 1029 (8th Cir.1986); and *United States v. Merchants' Nat'l Bank of Mobile*, 772 F.2d 1522 (11th Cir.1985). The split was resolved in *Jersey Shore*, where the Supreme Court concluded that the government is not required "to provide a lender with notice under § 6303(a) before bringing a civil suit to collect under § 3505." 107 S.Ct. at 786–87.

underlying statutes of limitations.[2] However, there are other policies at stake. Offers in compromise are intended to resolve disputes between the IRS and immediate taxpayers, permitting third-party lenders such as Olympic Savings to avoid liability. Although Olympic Savings now complains of the delays accompanying the offer in compromise, it would have gained by a successful offer in compromise. The Court is also mindful of the firm policy favoring efficient collection of tax revenues. *Schuster v. Commissioner of Internal Revenue*, 312 F.2d 311, 317 (9th Cir.1962).

Reported decisions involving issues similar to the one presented here support the government's position. In *United States v. Carlow*, 323 F.Supp. 1310 (W.D.Pa.1971), the government sued to enforce a tax lien on certain accounts in the name of the taxpayer, held by the defendant bank. The government contended that the applicable statute of limitations was extended by successive offers in compromise (Form 656). The defendant bank contended that the offers in compromise were so low that the United States could not, by failing to reject them immediately, claim the benefit of an extended limitations period. *Id.* at 1313. The court rejected this argument and went on to state, *in dictum*, that where a taxpayer enters into an agreement to suspend the statute of limitations, the agreement binds not only the taxpayer but also any party to an action to foreclose the tax lien. *Id., citing United States v. Mojac Construction Corp.*, 190 F.Supp. 622, 626 (E.D. N.Y.1960). The court observed that "a third party generally may not challenge the right of the taxpayer to suspend the statute of limitations by agreement with the United States...." 323 F.Supp. at 1313.

The same outcome was reached in *United States v. Mojac Construction Corp.*, where the federal government sued to foreclose tax liens for unpaid withholding and social security taxes. The County of Nassau, New York, had sold tax liens on properties that were also encumbered by the federal tax liens. 190 F.Supp. at 623. Purchasers of the tax liens assigned their interest to an individual who was issued a county treasurer's deed. *Id.* at 624. In a subsequent action by the federal government to foreclose on the properties, the assignee argued that the government's action was time-barred. The government argued that, based on the plain meaning of section 6502(a), an intervening offer in compromise was effective to extend the limitations period against third parties. The court noted that section 6502(a) did not require notice to third parties, and therefore concluded that "an agreement by the taxpayer to suspend the running of the statute of limitations binds not only the taxpayer but also any party to an action to foreclose the tax lien." *Id.* at 626, *citing United States v. Maddas*, 109 F.Supp. 607, 612 (W.D.Pa.1953).

Although *Carlow* and *Mojac* involved lien foreclosure actions, the rationale set forth in those cases is persuasive. Since section 6502(a) does not require notice to third parties, and since the notice function underlying the statute of limitations was met in this case by the notice of assessment, the Court declines to hold the government's claim time-barred.

## II.

Olympic Savings also argues that plaintiff's failure to allege that the limitations period was extended amounted to a failure to state a claim upon which relief can be granted. Olympic Savings offers no legal authority for this assertion.

Failure to satisfy the statute of limitations ordinarily is raised as an affirmative defense. Rule 8(c), Fed.R.Civ.P.; *FDIC v.*

---

**2.** These policy concerns were noted in *United States v. Messina Builders and Contractors Co.*, 801 F.2d 1029, 1033 (8th Cir.1986), where the court observed that third-party lenders would be prejudiced by lack of notice of assessment because, by the time the IRS sued the third-party lender, records and personnel might no longer be available, the third-party lender might have lost opportunities to mitigate by making voluntary payments, interest would have mounted, and the possibility of recovering from the borrower-employer might have diminished. These concerns are not so pressing here, because Olympic Savings received notice of the assessment.

*Cardona*, 723 F.2d 132, 134–35 (1st Cir. 1983). The Ninth Circuit has in limited circumstances required plaintiffs to plead compliance with the statute of limitations. *See, e.g., Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir.1985) (action under section 12(1) of the Securities Act of 1933); *Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117, 120 (9th Cir.1980) (plaintiff must plead with particularity fraudulent concealment tolling the statute of limitations). However, it has not held generally that failure to plead an extension of the statute of limitations is a fatal defect.

This Court declines to hold that the government's failure to allege that the statute of limitations was extended by an offer in compromise amounts to a failure to state a claim upon which relief can be granted. Defendant has raised the statute of limitations as an affirmative defense, and plaintiff has responded. The issue will not be resolved on the basis of a technical pleading requirement for which there is no clear authority.[3]

### CONCLUSION

THEREFORE, defendant's motion for a judgment on the pleadings is DENIED.

---

**3.** In *LeCroy v. Dean Witter Reynolds, Inc.*, 585 F.Supp. 753 (E.D.Ark.1984), plaintiff was technically required to plead that her suit for violation of § 5(b)(2) of the Securities Act of 1933 complied with the statute of limitations. Although plaintiff's complaint omitted such pleading, the court decided to proceed since the issue otherwise was properly before the court. *Id.* at 757.