**UNITED STATES of America,**
**Plaintiff-Appellant,**
**Cross-Appellee,**

v.

**MERCHANTS NATIONAL BANK OF MOBILE, Defendant-Appellee,**
**Cross-Appellant.**

Nos. 84–7513, 84–7522.

United States Court of Appeals,
Eleventh Circuit.

Oct. 7, 1985.

Glenn L. Archer, Asst. Atty. Gen., Tax Div., Dept. of Justice, Michael L. Paup, Chief, Appellate Section, Farley Katz, Wynette J. Hewett, Washington, D.C., for plaintiff-appellant, cross-appellee.

Brock B. Gordon, Alan Christian, Mobile, Ala., for defendant-appellee, cross-appellant.

Before RONEY and FAY, Circuit Judges, and DUMBAULD *, District Judge.

PER CURIAM:

The United States appeals the district court's order granting summary judgment in favor of the defendant, Merchants National Bank of Mobile (MNB). MNB cross-appeals the district court's order denying its first motion for summary judgment. For the reasons which follow, we affirm the district court in all respects.

## I. BACKGROUND

On March 18, 1983, the United States brought this action alleging that under 26 U.S.C. § 3505(a) & (b), MNB was liable to it for unpaid federal income and social security taxes owed by Dri-Mix Products, Inc. (Dri-Mix). The complaint alleged that beginning in January, 1977, MNB paid wages directly to employees of Dri-Mix and supplied funds to Dri-Mix for the specific purpose of paying net wages to employees

with notice or knowledge that Dri-Mix did not intend to, or would not be able to, make timely payment or deposit of the amounts of taxes required by law to be deducted and withheld. *See id.*

MNB answered, and both parties subsequently filed motions for summary judgment. These motions were denied by the district court on May 16, 1984. MNB thereafter sought and was granted leave to amend its answer to assert the affirmative defense that the United States failed to give MNB notice of the assessments against Dri-Mix within the 60-day period required by 26 U.S.C. § 6303(a). Defendant filed its second motion for summary judgment, contending that the United States' failure to give MNB the § 6303(a) notice precluded the United States from bringing suit. The district court, relying on *United States v. Associates Commercial Corp.*, 721 F.2d 1094 (7th Cir.1983), agreed with MNB and dismissed the complaint with prejudice. The United States filed a timely notice of appeal, and MNB cross-appealed the district court's order denying its first motion for summary judgment.

## II. THE NOTICE REQUIREMENT

■ The United States argues on appeal that it was not required to give MNB the § 6303(a) notice of assessment as a prerequisite to suit against MNB for Dri-Mix's unpaid employment taxes. The Seventh Circuit, in *Associates Commercial Corp.*, rejected an identical argument. In that case, the court noted that § 6303(a) "requires that notice of an assessment of unpaid taxes must be provided to 'each person liable for the unpaid tax' within sixty days after the assessment was made, unless otherwise provided by the Internal Revenue Code." 721 F.2d at 1098. Since § 3505 did not exempt from § 6303(a) lenders potentially liable, and since no other exemption could be found, the court concluded that the lender, a "person liable for the unpaid

* Honorable Edward Dumbauld, U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

tax" within the meaning of § 6303(a), was entitled to notice of assessment of the unpaid tax. 721 F.2d at 1098. The court held that the government's failure to provide the statutorily required notice barred its suit. *Id.* We agree with the Seventh Circuit's reading of the applicable statutory provisions and hold that the United States' failure to provide MNB with the § 6303(a) notice bars the present suit against MNB.[1]

### III. MNB'S CROSS–APPEAL

MNB appeals the district court's denial of its first motion for summary judgment. Counsel for MNB all but conceded at oral argument, however, that this appeal is without merit. We agree and affirm the district court.

Summary judgment is appropriate only when the moving party has sustained its burden of proving that there exists no genuine issue of material fact after reviewing all the evidence in the light most favorable to the party opposing the motion. [citations omitted]. The district court's order granting a summary judgment motion is not a discretionary decision and thus will be independently reviewed by the appellate court. *Wong v. Bailey,* 752 F.2d 619, 620–21 (11th Cir.1985). The decision to *deny* a summary judgment, however, is discretionary with a trial court, and we will reverse only for an abuse of discretion. *See Johnson v. Bryant,* 671 F.2d 1276, 1279 (11th Cir. 1982); *see also Marcus v. St. Paul Fire & Marine Ins. Co.,* 651 F.2d 379, 382 (5th Cir. Unit B 1981) (a district court may, in a proper case, deny "harsh remedy" of summary judgment even if the motion is justifiable under Fed.R.Civ.P. 56, if the court, in "the sound exercise of judicial discretion," decides "to give the parties an opportunity to fully develop the case."). After carefully reviewing the record with these principles in mind, we conclude that the district

court did not err in denying MNB's first motion for summary judgment.

AFFIRMED.

---

1. The United States also argues that even if § 6303(a) requires notice to third-parties such as MNB, the failure to give notice does not preclude suit to collect on MNB's alleged § 3505 liability. The United States contends that it has an inherent common law right to sue to collect debts which is entirely independent of the assessment process. Appellant, however, ignores the fact that third-party derivative liability of the sort set forth in § 3505 is a creature of statutory, not common, law. This argument is therefore untenable.