UNITED STATES of America,
Plaintiff–Appellant,

v.

HARVIS CONSTRUCTION COMPANY, INC., Defendant–Appellee.

Nos. 86–1540, 86–1663.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 1988.

Decided Sept. 23, 1988.

Roger M. Olsen, Asst. Atty. Gen., Michael C. Durney, Acting Asst. Atty. Gen., and Bruce R. Ellisen, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Godfrey L. Munter, Jr., San Francisco, Cal., for defendant-appellee.

Sylvie B. Kulkin and Stephen L. Garber, Severson, Werson, Berke & Melchoir, San Francisco, Cal., for amicus.

Before BROWNING, SNEED and TROTT, Circuit Judges.

TROTT, Circuit Judge:

The United States sued Harvis Construction Company ("Harvis") under 26 U.S.C. § 3505(b)(1982) to collect Vince A. Romano's withholding taxes. The district court dismissed because the government had failed to notify Harvis of the assessment against Romano. The government appeals the dismissal and grant of attorneys' fees to Harvis. On appeal, Harvis advances an alternative ground for dismissal, arguing that the action was barred by a six-year statute of limitation.

## FACTS AND PROCEEDINGS BELOW

Romano failed in 1978 to make timely payments of federal withholding taxes required to be deducted and withheld from the wages of his employees. Accordingly, on February 9, 1979, an assessment was made against Romano for delinquent social security and withheld income taxes. Pursuant to Chapter 7 of the Bankruptcy Code, Romano filed a petition for bankruptcy on September 9, 1982. He received a discharge on January 28, 1983.

On August 21, 1985, approximately six and one-half years after the assessment, the government brought an action pursuant to 26 U.S.C. § 3505(b) [1] against Harvis.

---

1. Section 3505(b) provides, in pertinent part: "If a lender, surety, or other person supplies funds to ... an employee for the specific purpose of paying wages of the employees of such employer, with actual notice or knowledge ... that such employer does not intend to or will not be able to make timely payment or deposit of the amounts of tax required to be deducted and withheld by such employer ..., such lender, surety, or other person shall be liable in his

The government alleged Harvis had supplied funds to Romano for the purpose of paying the wages of Romano's employees with actual notice and knowledge that Romano did not intend to, or would not be able to, make timely payments of taxes required to be withheld from those wages, thereby rendering Harvis liable under § 3505(b).

Harvis moved to dismiss on the ground the action was barred by the six year statute of limitation set forth in 26 C.F.R. § 31.3505–1(d)(1).[2] In an attempt to take advantage of the tolling provisions of 26 U.S.C. § 6503(i)[3] the government in response took the position that the applicable statute of limitation was the period cited in § 6502(a)[4] arguing that under § 6503(i), the six-year limitation period of § 6502(a) is suspended for the period the Secretary is prohibited by a bankruptcy stay from making collections, and for six months thereafter. In a reply memorandum, Harvis raised an alternative ground for dismissal, asserting that the action was barred because of the government's failure to comply with 26 U.S.C. § 6303(a).[5] This section provides that within 60 days after making an assessment of tax, the Secretary shall give notice to each person liable for the unpaid tax. The government did not provide Harvis with notice.

The district court apparently agreed with the government that the applicable period of limitation is found in § 6502(a) and held that the § 6503(i) suspension of the relevant six-year period of limitation covering Romano due to his bankruptcy should also apply to Harvis. However, the court further held that the failure of the government to give Harvis notice under § 6303(a) was fatal, and the case was dismissed.

Upon a motion for fees and costs, the district court awarded Harvis $3,000 pursuant to 26 U.S.C. § 7430.[6]

## STANDARD OF REVIEW

The issues presented on appeal are purely legal, thus our review is *de novo*. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## DISCUSSION

### A. Notice

■ The appeals were consolidated, and by agreement the action was stayed on

---

own person and estate to the United States in a sum equal to the taxes (together with interest) which are not paid over to the United States by such employer. However, ... the liability of such lender, surety, or other person shall be limited to an amount equal to 25 percent of the amount so supplied to ... such employer for such purpose."

2. 26 C.F.R. § 31.3505–1(d)(1) provides:

(d) Payment of taxes and interest—(1) Procedure for payment. A lender, surety, or other person may satisfy the personal liability imposed upon him by Section 3505 by executing Form 4219 and filing it, accompanied by payment of the amount of tax and interest due the United States, in accordance with the instructions for the form. In the event the lender, surety, or other person does not satisfy the liability imposed by Section 3505, the United States may collect the liability by appropriate civil proceeding commenced within six years after assessment of the tax against the employer.

3. Section 6503(i) provides:

Cases under Title 11 of the United States Code.—The running of the period of limitations provided in Section 6501 or 6502 on the making of assessments or collection shall, in a case under Title 11 of the United States Code, be suspended for the period during which the Sec-

retary is prohibited by reason of such case from making the assessment or from collecting and— (1) for assessment, 60 days thereafter, and (2) for collection, 6 months thereafter.

4. 26 U.S.C. § 6502(a)(1) provides:

Length of Period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—(1) within 6 years after the assessment of the tax, * * *.

5. Section 6303(a) provides, in pertinent part:

"Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to Section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof."

6. Section 7430(a) provides in pertinent part:

"In the case of any civil proceeding ... brought by or against the United States in connection with the determination, collection, or refund of any tax ... the prevailing party may be awarded a judgment for reasonable litigation costs ...;"

April 5, 1986 until a decision of the United States Supreme Court in *Jersey Shore State Bank v. United States*, 479 U.S. 442, 107 S.Ct. 782, 93 L.Ed.2d 800, (1987).[7] Thereafter, *Jersey Shore* held that 26 U.S.C. § 6303 does not require notice of assessment to a person alleged to be liable under § 3505. *Jersey Shore*, 479 U.S. at 448, 107 S.Ct. at 786, 93 L.Ed.2d at 808. Subsequent to the district court decision, the Ninth Circuit also held that § 6303(a) does not require the government to provide a lender with notice of assessment before commencement of a § 3505 action against the lender. *United States v. Hunter Engineers & Constructors, Inc.*, 789 F.2d 1436 (9th Cir.1986), *cert. denied*, 479 U.S. 1063, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987).

Harvis agrees that it would be "hard put" to oppose the motion for summary reversal based solely upon lack of notice. We agree with this concession. Therefore, the rationale used by the district court to dismiss the case on this basis is erroneous. We may, however, affirm the district court on any ground supported by the record, even if the ground is not relied upon by the district court. *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 874 (9th Cir.1987).

**B. Statute of Limitation**

The district court rejected Harvis argument that the action was not timely commenced and was barred. On appeal, Harvis is permitted to raise this issue despite the fact that the district court rejected the argument and dismissed on alternative grounds. *Jaffke v. Dunham*, 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1957); *Dandridge v. Williams*, 397 U.S. 471, 475 n. 6, 90 S.Ct. 1153, 1156 n. 6, 25 L.Ed.2d 491 (1970). We find the action against Harvis to be time-barred and affirm on this basis.

Although § 3505 creates lender liability, it does not provide for the mode or time of collection. *See Hunter Engineers*, 789

F.2d at 1437. Treasury Regulations explicitly provide that the period of limitation for § 3505 action is six years. 26 C.F.R. § 31.3505–1(d)(1). Neither this regulation nor any statute contains any explicit tolling provision regarding lender liability. Since the action against him was filed after the six-year limitation period, Harvis argues the action should be dismissed as untimely.

Section 31.3505–1(d)(1), the validity of which is not at issue, was promulgated pursuant to 26 U.S.C. § 7805 which gives the Secretary of the Treasury or his delegate general authority to proscribe all needful rules and regulations for the enforcement of the Revenue Code. 26 C.F.R. § 31.7805–1. As such, it has the force of law. *United States v. Levy*, 533 F.2d 969, 972–73 (5th Cir.1976).

**1. Statutory Language**

█ There is no question that § 31.3505–1(d)(1) establishes a six-year limitation period for § 3505 actions. However, the government argues in an attempt to escape the implications of this plain language that since this regulation tracks the limitation period in § 6502, it "should" be treated similar to § 6502. Thus the government submits statutory provisions—including those involving tolling—should control the regulation.

For support, the government first turns to the Seventh Circuit which concluded that the limitation period in § 31.3505–1(d)(1) stems from § 6502 of the code which itself makes no reference to the suspension provisions of § 6503. *United States v. Associates Commercial Corp.*, 721 F.2d 1094 (7th Cir.1983). Because of the similarity with § 6502, the court observed that "[e]vidently through oversight" the regulations under § 3505 do not refer to § 6503(b) suspension, and that the statutory suspension must prevail over the regulation. *Id.* at 1097.

---

7. In actuality, the stay was granted in view of the pendancy of a petition for a writ of certiorari in *United States v. Merchants National Bank*, 772 F.2d 1522 (11th Cir.1985), *cert. denied*, 479 U.S. 1063, 107 S.Ct. 947, 94 L.Ed.2d 996 (1987), or a decision by this court in *United States v.*

*Hunter Engineers & Constructors, Inc.*, 789 F.2d 1436 (9th Cir.1986), *cert. denied*, 479 U.S. 1063, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987). In the interim, however, *Jersey Shore* assumed center stage.

We respectfully decline to adopt the reasoning of *Associates Commercial.* The language of the regulation is plain and clear and not inconsistent with the revenue statutes. The regulation does not contain a provision for § 6503 suspensions, and we will not create a suspension on the basis that the I.R.S. inadvertently failed to include it.

The government next turns for support to *United States v. Hunter Engineers & Constructors, Inc.,* 789 F.2d 1436 (9th Cir. 1986). In *Hunter Engineers,* the lender argued that the limitation period for an action against the taxpayer-employer provided by § 6502(a) should not apply to a § 3505 action against the lender. Rather, the lender submitted that the general three-year statute of limitation provided in § 6501(a) should apply, especially when no notice of assessment was given. *Hunter Engineers,* 789 F.2d at 1440–1441. We rejected this argument and held "the limitation period with respect to the lender's liability should be coterminous with the limitation period applicable to the taxpayer." *Id.* at 1441. Thus, the government argues the limitation on the time within which § 3505 actions can be brought is purely derivative of the explicit limitation on actions against the employer. If that implicit limitation period is to be coterminous with the period for actions against the employer, then any suspension of the period for an action against the employer must necessarily suspend the period for an action against the lender.

We are not persuaded. The underlying policy observed in *Hunter Engineers* is that a shorter limitation period for lenders than for employers would serve to thwart the government's effort to collect the tax liabilities from the employer. *Id.* Regulation 31.3505–1(d)(1) is consistent with this policy. A six-year limitation period may be imposed against either the employer or the lender. This coterminous limitation period, however, does not mandate that we imply a suspension period against the lender under § 6503.

In *Hunter Engineers,* we found that an extension of the statute of limitation in the absence of notice did not create an unreasonable source of prejudice to the lender. *Id.* at 1441. This was because the lender is liable only when it has actual knowledge that the employer does not intend to pay the required taxes, or is himself paying the net wages. *Id.* Thus, as stated by the Supreme Court, "a prudent lender could be alerted to its liability under § 3505 at the time it engaged in what the government describes as 'net payroll financing,' a practice whereby the lender provides funds for payment of employees' withholding taxes but not funds for payment of withholding taxes." *Jersey Shore,* 479 U.S. at 448, 107 S.Ct. at 786, 93 L.Ed.2d at 808. Accordingly, this lender, even absent § 6303 notice, could take steps to protect itself from § 3505 liability. *Id.* Thus, it was not prejudicial to allow a coterminous six-year limitation period.

It may, however, be prejudicial to allow a § 6503 suspension created by the actions of the taxpayer to be imposed against the lender in the absence of a clear rule or regulation to the contrary. For instance, it is conceivable that a taxpayer—without the knowledge of a lender—may leave the country and thus suspend the limitation period until he returns. If he returns twenty years later, should the lender by application of § 6503(c) also be liable for withheld taxes at that late date? We think not. To do so would most assuredly be prejudicial to the lender.

Nothing in the legislative history of § 3505 persuades us to the contrary. Essentially, we find silence on the subject. The section was enacted to provide the government with a course from which to recover unpaid withholding taxes when the employer is without financial resources. *See* S.Rep. No. 1708, 89th Cong., 2d Sess. (1966), reprinted in 1966 U.S.Code Cong. & Ad.News 3722, 3743. The government has six years in which to collect from lenders under § 31.3505–1(d)(1). This gives the government a considerable length of time to determine that the employer is financially unable to pay and to institute civil proceedings against the lender. Congress did not state that lenders are subject to § 6503 suspension provisions. It could have easily

done so. Accordingly, we find the application of a blanket six-year limitation period against lenders does not conflict with the intent of Congress.

This case is illustrative of the confusion that can be engendered when the courts are called upon to fill a gap created by a legislative "oversight" or to clear up statutory or regulatory uncertainty. On the notice issue, the Third Circuit in *Jersey Shore*, 781 F.2d 974 (5th Cir.1986), and this court in *Hunter Engineers* ended up over a lengthy period in disagreement with the Seventh Circuit in *Associates Commercial*, the Eighth Circuit in *United States v. Messina Builders*, 801 F.2d 1029 (8th Cir. 1986), *cert. denied* 480 U.S. 927, 107 S.Ct. 1560, 94 L.Ed.2d 754 (1987), and the Eleventh Circuit in *United States v. Merchants National Bank*, 772 F.2d 1522 (11th Cir. 1985), *cert. denied* 479 U.S. 1063, 107 S.Ct. 947, 94 L.Ed.2d 996 (1987). The Supreme Court finally resolved the conflict on January 20, 1987 in *Jersey Shore*, five years after the first shot was fired in *Associates Commercial*. In so doing, they rejected the reasoning of three circuit court cases, two of which were explicitly relied upon by the trial court in this case.

Now, after the notice portion of *Associates Commercial* was discredited by the Supreme Court in *Jersey Shore*, the government asks this circuit to apply the remains of *Associates Commercial* to the tolling issue. We decline to do so, recognizing full well that we are now in conflict with the Seventh Circuit.

■ The I.R.S. asks us to do what Congress has expressly given it the authority to do. We decline the invitation. The proper function of a court is to construe and apply statutes, not write them. If the I.R.S. believes for sound policy reasons that the limitation period for § 3505 liability "should" be coterminous with the limitation applicable to taxpayers and that this "should" include a suspension provision similar to that found in § 6503, *it* should

resort to the usual procedures contemplated by the Administrative Procedure Act, 5 U.S.C. § 551, 553, the Federal Register Act, 44 U.S.C. § 1505, 1508 and the Code of Federal Regulations, 44 U.S.C. § 1510, or turn, in the alternative, to Congress for remedial legislation. We take the time to make this point because of the government's stubborn insistence in its Reply Motion that all is well in Denmark and that no regulatory or legislative clarification is necessary. We strongly disagree, and we note in support of our view that the government finally conceded in oral argument that it would be better and fairer to taxpayers for the appropriate lawmakers to straighten out this situation.

Based upon the foregoing discussion, we conclude that the action against Harvis was time-barred. Accordingly, the district court's dismissal, although erroneously based on lack of notice, is affirmed.

## C. Attorney Fees

■ Harvis was awarded attorneys' fees pursuant to 26 U.S.C. § 7430. The 1982 version of that statute which applies to this case provides that a "prevailing party" [8] may be awarded reasonable litigation costs, including attorneys' fees, incurred in a civil tax case against the United States.

Section 7430 provides for attorneys' fees only where "the position of the United States in the civil proceeding was unreasonable." The position of the government on both issues is not without some support. First, the notice requirement is supported by the Ninth Circuit and Supreme Court cases which were decided subsequent to the district court's decision. The government's litigation position on this issue, therefore, was not unreasonable. Second, the position of the government on the statute of limitation finds some support in *Associates Commercial*, the rationale of *Hunter Engineers*, and by the fact that the district court accepted the government's statute of limitation argument.

---

**8.** Section 7430(c)(2) provides in pertinent part: "The term 'prevailing party' means any party—other than the United States which—establishes the position of the United States ... was

unreasonable, and has substantially prevailed with respect to the amount in controversy, or ... with respect to the most significant issue or set of issues presented.

**1366**

Concluding only in the context of Section 7430 that the government's position on both issues is not unreasonable, the district court's order awarding attorneys' fees is reversed.

AFFIRMED in part, REVERSED in part.