961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Merlin J. HARRIS; Margaret R. Harris, Plaintiffs-Appellants,
v.
UNITED STATES of America; Internal Revenue Service; San
Juan Unified School District, Defendants-Appellees.
 No. 91-15312.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Merlin J. Harris and Margaret R. Harris appeal pro se the district court's order dismissing their action for injunctive relief and granting summary judgment in their quiet title action under 28 U.S.C. § 2410. The Harrises contend that the lien and levy on their property are void because the Internal Revenue Service ("IRS") failed to follow its regulations for assessing and collecting tax deficiencies. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 * Background
 
 
 4
 On February 23, 1989, the Harrises filed their complaint in district court. On May 27, 1989, they filed an amended complaint asserting ten claims and requesting injunctive relief, title to their property and monetary relief. In Count 1 of the amended complaint, the Harrises alleged that they were not engaged in taxable activities. In Count 2, they alleged that the IRS did not comply with 26 U.S.C. § 6020(b) by failing to provide proper substitute returns.[1] In Count 3, they alleged that the deficiencies asserted against them were invalid because they were based on improperly prepared returns. In Count 4, the Harrises claimed that the IRS did not make a proper assessment pursuant to sections 6201 and 6203. In Counts 5 through 10, they alleged that the IRS's post-assessment activities were improper because the IRS failed to issue the notice and demand for tax pursuant to section 6303.[2]
 
 
 5
 The IRS filed a motion to dismiss or in the alternative for summary judgment. Following a hearing, the district court dismissed Counts 1-3 for lack of subject matter jurisdiction and failure to state a claim and granted summary judgment on Count 4. The district court reserved judgment on the remaining counts.
 
 
 6
 On July 11, 1990, the IRS renewed its motion for summary judgment and submitted an affidavit and Certificates of Assessments and Payments ("Certificates") to support its motion. On February 6, 1991, the district court granted summary judgment on the remaining counts, finding that the IRS had established that it had provided the Harrises with notices and demands for payment. The Harrises timely appeal.
 
 II
 Merits
 A. Injunctive and Declaratory Relief
 
 7
 The Anti-Injunction Act ("Act") prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." 26 U.S.C. § 7421(a). The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984). Aside from statutory exceptions that are inapplicable here, one judicial exception to the Act exists. See Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990). The taxpayer must demonstrate that "(1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." Id. at 525.
 
 
 8
 Here, the Harrises failed to demonstrate that they would suffer irreparable injury. They have not offered evidence to show that they cannot pay the assessments, or that they do not have an adequate remedy at law. See id. at 526. Therefore, the Act bars the Harrises' action for injunctive relief. See id.; Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).
 
 
 9
 B. Quiet Title Action Under 28 U.S.C. § 2410
 
 
 10
 28 U.S.C. § 2410 states in relevant part: "[t]he United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." We have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991); see Elias, 908 F.2d at 527. "A taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment." Elias, 908 F.2d at 527.
 
 
 11
 To the extent that the Harrises are attempting to challenge the merits of the assessment, jurisdiction is lacking under section 2410. See Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). The Harrises' broad claims that the tax deficiencies were void and that the Harrises were not engaged in taxable activities, are jurisdictionally barred. See id. Therefore, the district court properly dismissed counts 1-3 of the amended complaint for lack of subject matter jurisdiction.
 
 
 12
 To the extent that the Harrises challenge the procedural validity of the IRS's liens by alleging procedural lapses in the notice requirements set forth in sections 6203 and 6303, section 2410 serves as a waiver of sovereign immunity. See Arford, 934 F.2d at 232. We address each issue in turn.
 
 1. Notice of Assessment Under Section 6203
 
 13
 The Harrises claimed that the IRS did not assert a lawful assessment against them. Nevertheless, the IRS submitted Certificates to show that it had complied with section 6203. The Certificates indicated that the Harrises were each assessed for their tax liabilities on June 6, 1988. See United States v. Zolla, 724 F.2d 808, 810 (9th Cir.) (in absence of contrary evidence, Certificates are sufficient to establish valid assessment), cert. denied, 469 U.S. 830 (1984). The Harrises failed to present any evidence to refute the presumption of the assessment's validity, and therefore, the district court properly granted summary judgment on Count 4. See Hughes, 953 F.2d at 535.[3]
 
 
 14
 2. Notice of Assessment and Demand for Payment
 
 
 15
 The Harrises argue that the IRS did not provide notices and demands for payment pursuant to section 6303. As a result, the Harrises claim that the subsequent liens and levy on their property were null and void.
 
 
 16
 The IRS, relying on the Certificates, established that it had sent "Balance Due Notices" to the Harrises within the statutory time period. The Chief of Special Procedures Function at the IRS in Sacramento, Kathryn E. Jones, declared that a "Balance Due Notice" provides the amount of tax due and demands payment, which satisfies the information required by section 6303. See Elias, 908 F.2d at 525. The Harrises failed to refute the IRS's evidence, and therefore, the district court properly found that the liens and levy were not procedurally defective. See id. at 528. Thus, summary judgment was proper on Counts 5-10 of the amended complaint.
 
 C. Miscellaneous Claims on Appeal
 
 17
 In addition to the issues above, the Harrises contend that the decision of the tax court was immaterial and that the IRS made unlawful disclosures of their return information. These claims lack merit.
 
 
 18
 The district court's order did not rely on the tax court's decision, and therefore, it was not relevant to our review on appeal. See United States v. Harvis Const. Co., 857 F.2d 1360, 1363 (9th Cir.1988) (we may affirm on any ground supported by the record).[4] The Harrises failed to raise the unlawful disclosure claim below, and we decline to address it on appeal. See Bolker v. Comm'r, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Unless otherwise noted, all statutory references are to the Internal Revenue Code
 
 
 [2]
 Although the Harrises base Counts 6-10 on sections 6321 and 6331, they are predicated on the issuance of Notice and Demand for Payment required by section 6303. See 26 U.S.C. §§ 6321, 6331
 
 
 [3]
 The Harrises strenuously argue that the Certificates are inadmissible hearsay. Nonetheless, we have repeatedly held that these forms are admissible as public records under Fed.R.Evid. 803(8). See Hughes, 953 F.2d at 539. The Harrises' claims based on authenticity and delegation of authority are without merit
 
 
 [4]
 The IRS argued below that the Harrises were barred from litigating their claims in district court because of the tax court's decision dismissing the Harrises' complaint. Nevertheless, the district court based its decisions on the merits of the Harrises' claims