**Frank BIEHL; Barbara Biehl, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

No. 02–72723.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Filed Dec. 12, 2003.

David M. Kirsch, San Jose, CA, for the petitioners-appellants.

Kenneth W. Rosenburg, Tax Division Department of Justice, Washington, DC, for the respondent-appellee.

Stephen Bruce Cohen, Georgetown University Law Center, Washington, DC, amicus curiae in support of the appellants.

Before THOMPSON, TROTT, Circuit Judges, and WEINER,* Senior Judge.

TROTT, Circuit Judge.

Frank and Barbara Biehl ("Biehls") appeal the decision of the United States Tax Court that the attorneys' fees paid to their lawyers, pursuant to a settlement agreement with Mr. Biehl's previous employer, must be treated as a miscellaneous itemized deduction rather than an adjustment to gross income stemming from a reimbursed employee expense under I.R.C. § 62(a)(2)(A).[1] We agree with the Tax Court that the plain language of § 62(a)(2)(A), the regulations explaining that provision, and its legislative history support the conclusion that Congress did not intend for attorneys' fees of a former

---

* The Honorable Charles R. Weiner, Senior District Judge for Eastern Pennsylvania sitting by designation.

1. Unless otherwise indicated, all section references are to the Internal Revenue Code.

employee in a wrongful termination action against his former employer to qualify as having been paid under an employee reimbursement or other expense allowance arrangement.

## BACKGROUND

### A.

The facts are set forth as stipulated by the parties before the Tax Court. In 1994, the Biehls brought suit against Mr. Biehl's former employer, North Coast Medical, Inc. ("NCMI"), alleging, *inter alia,* wrongful termination of Mr. Biehl's employment. On December 31, 1996, following an unfavorable jury verdict, NCMI agreed to settle the claim for $1.2 million. In an effort to limit their taxable income, the Biehls requested, and NCMI agreed, that a separate check be issued to the Biehls' attorney for attorneys' fees in the amount of $401,000. The Biehls reported only the remaining $799,000 as income on their 1996 tax return.

The Commissioner issued a notice of deficiency based on a determination that the applicable law required the Biehls to include the $401,000 in their adjusted gross income. Although the Commissioner determined also that the Biehls qualified for a miscellaneous itemized deduction under § 162, the general provision for the deduction of a trade or business expense, the Biehls could not reap any benefits from this potential deduction because in computing the alternative minimum tax ("AMT"), § 56(b)(1)(A)(I) does not allow *any* miscellaneous deductions.[2] What this case boils down to is an effort by the Biehls to circumvent the restrictive, and often criticized, provisions of the AMT by claiming an "above-the-line" deduction under § 62.

### B.

Section 62 provides, in relevant part:

### § 62. Adjusted gross income defined

(a) **General rule.**—For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions:

(1) **Trade and business deductions.**—The deductions allowed by this chapter ... which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee.

(2) **Certain trade and business deduction of employees.**—

(A) **Reimbursed expenses of employees.**—The deductions allowed by [section 162] which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer.

(c) **Certain arrangements not treated as reimbursement arrangements.**—For purposes of subsection (a)(2)(A), an arrangement shall in no event be treated as a reimbursement or other expense allowance arrangement if—

(1) such arrangement does not require the employee to substantiate the expenses covered by the arrangement to the person providing the reimbursement, or

(2) such arrangement provides the employee the right to retain any amount in excess of the substantiated expenses covered under the arrangement.

---

**2.** § 56(b)(1)(A)(i) reads, "No deduction shall be allowed for any miscellaneous itemized deduction...."

C.

The Tax Court analyzed the Biehls' contested deduction under the regulatory framework set forth in section 1.62–2 of the Treasury Regulations. The court adopted the Regulation's three prong approach to determine whether a deduction is permitted under § 62. According to the court, a reimbursement arrangement is considered an "accountable plan," and thus eligible for an above-the-line deduction, if it satisfies subsections (d), (e), and (f) of Treasury Regulation § 1.62–2. Subsection (d) incorporates the language of § 62(a)(2)(A) in setting forth what is labeled the "business connection" requirement. Subsection (e), entitled "Substantiation," discusses the level of specificity necessary to properly identify the expense, and subsection (f), entitled "Returning amounts in excess of expenses," limits eligible arrangements to those that require the employee to return amounts in excess of actual expenses. The Tax Court held that the failure to satisfy subsection (d)'s business connection requirement was dispositive, and thus did not reach the other two prongs. The Tax Court said,

> It is a well-settled axiom that the touchstone of the employer-employee relationship is the employer's dominion and control over, or right to control, the services performed by the employee. *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992); *Gen. Inv. Corp. v. United States,* 823 F.2d 337, 341 (9th Cir.1987). That touchstone is missing when the expense is incurred after the relationship has ended. If the former employee is no longer under the dominion and control of the former employer, the expense cannot be properly characterized as having been "paid or incurred by the employee in connection with the performance of services as an employee of the employer." In such a case, as in the

case at hand, the expense has a "connection" to the employee's performance of services only in the attenuated or remote sense that the expense can be considered to relate back to, or to have arisen from, the employment relationship.

118 T.C. 467, 482–83, 2002 WL 1150743 (2002).

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo the Tax Court's conclusions of law, including construction of the tax code. *Best Life Assur. Co. of Cal. v. Comm'r,* 281 F.3d 828, 829 (9th Cir.2002).

## DISCUSSION

■ We agree with the Tax Court that attorneys' fees paid in settlement of a wrongful termination suit do not satisfy the business connection requirement of § 62(a)(2)(A). This determination is supported by the plain language of the statute, the Treasury Regulations, and the legislative history surrounding both the enactment of the statute and subsequent revisions.

As discussed in Treasury Regulation § 1.62–2(c)(3), "[i]f an arrangement does not satisfy one or more of the requirements of paragraphs (d) [business connection requirement], (e), or (f) of this section, all amounts paid under the arrangement are treated as paid under a 'nonaccountable plan.'" In § 1.62–2(c)(5) the regulations go on to say that "[a]mounts treated as paid under a nonaccountable plan are included in the employee's gross income, ... [and] may be deducted, ... but only as a miscellaneous itemized deduction subject to the limitations applicable to such expenses." Treas. Reg. § 1.62–2(c)(5) (as amended in 1997). Therefore, the Tax

Court properly held that the failure to satisfy the business connection requirement precluded an above-the-line deduction in accordance with § 62(a)(2)(A).

*Statutory Interpretation*

■ "Statutory interpretation begins with the plain meaning of the statute's language." *Botosan v. Paul McNally Realty,* 216 F.3d 827, 831 (9th Cir.2000). Section 62(a)(2)(A) specifically requires that the expense be "in connection with the *performance* by [the taxpayer] of *services* as an *employee*." (emphasis added). Congress's use of the words "performance" and "employee" dictates that, in order to be deductible, the reimbursed expenses must be incurred during the course of employment. The phrase "services as an employee" further connotes duties carried out for, or on behalf of, the employer. When the Biehls brought their lawsuit, Mr. Biehl was no longer performing services as an employee of NCMI. Thus, according to the plain meaning, the statutory requirements of § 62(a)(2)(A) are not satisfied.

■ Although it may be true, as the Biehls contend, that the lawsuit arose out of Mr. Biehl's former employment, that determination is not sufficient to qualify attorneys' fees for a deduction under § 62(a)(2)(A). As discussed in the Tax Court opinion, "[t]he proper inquiry in deciding whether an expense has a 'business connection' is what the expenditure was 'in connection with,' and not simply whether the expenditure arose from, or had its origins in, the taxpayer's trade or business." *Biehl,* 118 T.C. at 480. Whereas § 62(a)(1) only requires the expense be "attributable to a trade or business," the language in § 62(a)(2)(A) is much more definite. For a reimbursable employee expense to qualify for an above the line deduction, not only must it be attributable to a trade or business, but it must also

have been incurred during the course of "performance ... of services as an employee." I.R.C. § 62(a)(2)(A). Had Congress intended to open the flood-gates to all expenses incurred in connection with *employment* it could have done so. A straightforward reading of § 62(a)(2)(A), especially when compared with § 61(a)(1), does not support such an expansive approach.

*Treasury Regulations*

The Treasury Regulations provide further support for the more narrow application of the business connection requirement. Treasury Regulations § 1.62–2(b) and (d) define the scope of § 62(a)(2)(A), and for the most part reiterate the statutory language. However, these sections of the regulations add that the performance of services must be "as an employee *of the employer.*" Treas. Reg. § 1.62–2(b), (d) (as amended in 2003) (emphasis added). These three additional words reconfirm that the expenses must have been incurred on behalf of the employer within a current employment relationship. In addition, § 1.62–2(d) unambiguously states that the reimbursement payment must be received from the employer "*for whom* the employee performs a service as an employee of the employer." Treas. Reg. § 1.62–2(d) (as amended in 2003) (emphasis added). This language presupposes the presence of a beneficial relationship, thus undermining the Biehls' contention that the legal expenses did not necessarily need to be incurred on behalf of NCMI.

*Legislative History*

The legislative history surrounding this section further indicates that Congress did not intend to allow attorney fees incurred during adversarial employment litigation to be deductible under § 62. The *General Explanation of the Tax Reform Act of 1986* defines an employee business expense

as "a cost incurred by an employee in the course of performing his or her job." Staff of the Joint Comm. on Taxation, 99th Cong., 1st Sess., *General Explanation of the Tax Reform Act of 1986* 78 (Comm. Print 1987). This strongly suggests that costs incurred after employment has terminated, such as wrongful termination litigation expenses, do not qualify.

In addition the House Conference Report accompanying the enactment of § 62(c) explains the Tax Reform Act of 1986 by stating that "Congress viewed an employer's agreement to reimburse certain expenditures pursuant to such[a reimbursement] arrangement as evidence that the item was a bona fide, ordinary, and necessary expense of the employer's business, and that in effect the employee was acting as an agent of the employer in paying for the item." H.R. Conf. Rep. No. 100–998, at 203 (1988). When the deduction is framed in terms of an agency relationship it is clear that Congress intended to limit the deduction to those situations where there was a current employer-employee relationship, and the expense was incurred on behalf of the employer. In this situation, Mr. Biehl had been terminated from employment and thus could not be considered an agent of NCMI.

Last but not least, the Senate Conference Report accompanying a technical amendment to the code clarifies that Congress intended the deduction to apply in situations where the expense was incurred on behalf of the employer. S.Rep. No. 100–445 (1988), *reprinted in* 1988 U.S.C.C.A.N. 3530, 4533. The report states that, "an employee who incurs business expenses *on behalf of* the employer and is reimbursed for those expenses pursuant to a reimbursement arrangement is permitted an above-the-line deduction for those expenses . . . ." *Id.* at 7.

■ Not only do we interpret Congressional intent in this manner, the Biehls' attorney, as well as the amici advocating the Biehls' position, conceded during oral argument that Congress did not anticipate or consider an application of the disputed statute to the scenario and context presented by this case. We will not stretch the statutory language to cover a situation not contemplated by Congress. *See NLRB v. Catholic Bishop of Chicago*, 440 U.S. 490, 504–07, 99 S.Ct. 1313, 59 L.Ed.2d 533 (1979) (explaining that courts should refrain from construing statutes to have an effect not intended by Congress); *U.S. v. Harvis Const. Co., Inc.*, 857 F.2d 1360, 1365 (9th Cir.1988) ("The proper function of a court is to construe and apply statutes, not write them."); *United States ex rel. Fine v. Chevron, U.S.A., Inc.*, 72 F.3d 740, 747–48 (9th Cir.1995) (en banc) (Trott, J., concurring) (stating that courts should not read statutes to produce a result not intended).

*Case law*

This issue has not been decided by the Ninth Circuit. Thus, the Biehls rely in some measure on the First Circuit case *Alexander v. Comm'r* for the proposition that the employee need not be currently employed nor incur expenses on the employer's behalf to take advantage of the § 62(a)(2)(A) deduction. 72 F.3d 938 (1st Cir.1995). *Alexander*, however, dealt with § 62(a)(1), not § 62(a)(2)(A). § 62(a)(1) covers only nonemployee business expenses. *Employee* business expenses fall under § 62(a)(2)(A), and § 62(a)(2)(A) has restrictive language that § 62(a)(1) does not. In fact, as the Biehls concede in their brief, although somewhat helpful, *Alexander* is "distinguishable."

## CONCLUSION

The Biehls fail to establish the business connection as is required under

§ 62(a)(2)(A). Even though, preliminarily, these fees might broadly qualify for treatment as a deduction under § 162(a), the legal fees associated with a wrongful termination lawsuit against a former employer are not "in connection with the performance ... of services as an employee." This issue is dispositive, and therefore we do not address whether there was a reimbursement arrangement. If this result strikes some as bad policy, or unfair, the remedy is with Congress, not the courts.

AFFIRMED.