**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-22

UNITED STATES TAX COURT

CAROLYN SMITH-HENDRICKS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8213-12S.                    Filed March 19, 2013.

Carolyn Smith-Hendricks, pro se.

Steven Wendell LaBounty, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated January 6, 2012, respondent determined deficiencies in petitioner's Federal income tax and accuracy-related penalties as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2009 | $2,321 | $464 |
| 2010 | 2,076 | 415 |

Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a).

The issues remaining for decision are whether petitioner:  (1) is entitled to deductions for unreimbursed employee business expenses for the taxable years 2009 and 2010 in excess of those respondent conceded; (2) is entitled to deductions for mortgage interest not reported on Forms 1098, Mortgage Interest Statement, for the taxable years 2009 and 2010; (3) is entitled to deductions for

---

[1]Section references are to the Internal Revenue Code (Code), as amended, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

charitable contributions of $995 and $875 for the taxable years 2009 and 2010,

respectively; (4) is entitled to deductions for car and truck expenses of $4,312 and

$3,215 reported on Schedules C, Profit or Loss From Business, for the taxable

years 2009 and 2010, respectively; and (5) is liable for accuracy-related penalties

under section 6662(a) for the taxable years 2009 and 2010.

## Background

Some of the facts have been stipulated and are so found. The stipulation of

facts and the accompanying exhibits are incorporated herein by this reference.

Petitioner resided in Missouri when the petition was filed.

During 2009 and 2010 petitioner worked as a reporter for the Belleville

News-Democrat (News-Democrat), a newspaper published in Belleville, Illinois,

and as a freelance reporter for the St. Louis Argus (Argus). Petitioner used her

personal vehicle for work-related transportation for News-Democrat and Argus.

During the period in question News-Democrat maintained an accountable

plan providing mileage-based reimbursement to employees who used their

personal vehicles for work-related business.[2] News-Democrat reimbursed

---

[2]Amounts paid to an employee as reimbursement under an accountable plan are excluded from the employee's gross income, are not reported as wages or other compensation on Form W-2, Wage and Tax Statement, and are exempt from withholding and payment of employment taxes. Biehl v. Commissioner, 118 T.C.

(continued...)

employees at the rate of 32 cents per mile from January 1 through September 13, 2009, and at the rate of 29 cents per mile from September 14, 2009, through December 31, 2010.  News-Democrat reimbursed petitioner for 7,426 miles in 2009 and 8,299 miles in 2010, computed at the rates mentioned above.  News-Democrat reported the amounts reimbursed as nontaxable employee business expense reimbursements on Forms W-2 issued to petitioner for 2009 and 2010.[3]

Argus did not reimburse petitioner for any portion of the use of her vehicle during the years in issue.

I.  Schedules A

A.  Unreimbursed Employees Business Expenses

Petitioner claimed deductions for unreimbursed employee business expenses related to her employment at News-Democrat on Schedules A, Itemized

---

[2](...continued)
467, 476 (2002), aff'd, 351 F.3d 982 (9th Cir. 2003); sec. 1.62-2(c)(4), Income Tax Regs.

[3]Respondent acknowledges that News-Democrat's mileage reimbursement rates were less than the standard mileage reimbursement rates of 55 cents and 50 cents per mile in effect during 2009 and 2010, respectively.  See sec. 1.274-5(j)(2), Income Tax Regs.; I.R.S. News Release IR-2008-131 (Nov. 24, 2008); I.R.S. News Release IR-2009-111 (Dec. 3, 2009).  Respondent concedes that petitioner is entitled to deductions for unreimbursed employee business expenses for 2009 and 2010 to account for the difference.  The parties will address respondent's concession in their Rule 155 computations to be submitted in accordance with this report.

Deductions, and Forms 2106-EZ, Unreimbursed Employee Business Expenses, for the years in issue as follows:

| Item | 2009 | 2010 |
|---|---|---|
| Car and truck | $7,079 | $10,845 |
| Parking fees | 126 | 219 |
| Supplies | 292 | 307 |
| Publications/subscriptions | 251 | 960 |
| Cell phone | 1,121 | 1,236 |
| Informants | 571 | 469 |
| Meals/entertainment | 482 | 436 |

The record includes copies of petitioner's monthly cellular phone billing records for 2009. Although petitioner used her cellular phone primarily for business purposes, she also used the phone when she was working or otherwise away from home to communicate with her daughter regarding personal matters. Petitioner did not maintain a written log or other record during the years in issue distinguishing between business and personal cellular phone calls.

B. Residential Mortgage Interest

Petitioner claimed deductions for residential mortgage interest not reported on Forms 1098 of $2,870 and $2,760 for the taxable years 2009 and 2010, respectively.

C.  Charitable Contributions

Petitioner claimed a deduction for charitable contributions of $995 on her tax return for 2009.  She reported contributions of $500 by cash or check and contributions of $495 other than by cash or check.

Petitioner claimed a deduction for charitable contributions of $875 on her tax return for 2010.  She reported contributions of $500 by cash or check and contributions of $375 other than by cash or check.

II.  Schedules C

Petitioner reported gross receipts on Schedules C of $1,804 and $1,328 for 2009 and 2010, respectively, in connection with her work as a freelance reporter for Argus.  She claimed deductions for car and truck expenses on these Schedules C of $4,312 and $3,215 for 2009 and 2010, respectively.

III.  Tax Return Preparation

On the recommendation of a friend, petitioner hired Bill Naes, a local tax return preparer, to prepare her tax returns for the taxable years 2009 and 2010. She provided Mr. Naes with the documentation needed to prepare her returns. After Mr. Naes prepared the returns, petitioner picked them up from his office, signed them, and mailed them to the Internal Revenue Service without reviewing

them for accuracy.  Petitioner made several attempts to contact Mr. Naes before trial, but he never returned her calls.

IV.  Notice of Deficiency

In the notice of deficiency respondent disallowed various deductions that petitioner claimed for the taxable years 2009 and 2010, described herein, and determined that she is liable for accuracy-related penalties.

V.  Tax Records

Petitioner testified at trial that her tax records for 2009 and 2010 were destroyed when her basement was flooded.  Although petitioner provided some documents at trial, she generally did not reconstruct the various records needed to substantiate expenses for the deductions in issue.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner has not complied with the Code's substantiation requirements and has not maintained or otherwise reconstructed all required records.  Therefore, the burden of proof as to any relevant factual issue does not shift to respondent under

section 7491(a).  See sec. 7491(a)(1) and (2); Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001).

Deductions and credits are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  There must be sufficient evidence in the record, however, to permit the

Court to conclude that a deductible expense was paid or incurred in at least the amount allowed.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Section 274(d) prescribes more stringent substantiation requirements before a taxpayer may deduct certain categories of expenses, including travel expenses, meals and entertainment expenditures, and expenses related to the use of listed property as defined in section 280F(d)(A)(4).  See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969).  As relevant here, for the taxable year 2009 the term "listed property" included, inter alia, passenger automobiles and cellular phones.  Sec. 280F(d)(4)(A)(i), (v).  However, section 280F(d)(4) was amended by the Small Business Jobs Act of 2010, Pub. L. No. 111-240, sec. 2043(a), 124 Stat. at 2560, which removed cellular phones (and similar telecommunications equipment) from the definition of  listed property.  The amendment is effective for taxable years beginning after December 31, 2009.  Id. sec. 2043(b).

To satisfy the requirements of section 274(d), a taxpayer generally must maintain records and documentary evidence which, in combination, are sufficient to establish the amount of each separate expenditure or business use of listed property, the date of the expenditure or business use, and the business purpose for an expenditure or business use.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50

Fed. Reg. 46016 (Nov. 6, 1985). Taxpayers lacking a contemporaneous log are expected to maintain a record created as near in time as possible to the particular expenditure or business use (including the elements outlined above), supported by corroborative documentary evidence that carries with it a high degree of probative value. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The Court may not use the Cohan rule to estimate expenses covered by section 274(d). Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

If a taxpayer's records have been destroyed or lost due to circumstances beyond his or her control, the taxpayer may substantiate expenses subject to section 274(d) by making a reasonable reconstruction of the expenditures through other credible evidence. Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). A taxpayer is required to reconstruct pertinent records to the fullest extent possible. See, e.g., Chong v. Commissioner, T.C. Memo. 2007-12. If no other documentation is available, the Court may, but is not obliged to do so, accept credible testimony of a taxpayer to substantiate a deduction. See Boyd v. Commissioner, 122 T.C. at 320

(citing <u>Watson v. Commissioner</u>, T.C. Memo. 1988-29); <u>Freeman v. Commissioner</u>, T.C. Memo. 2009-213.

With the preceding discussion as a backdrop, we turn to the various deductions in dispute.

I.  <u>Schedules A</u>

    A.  <u>Unreimbursed Employee Business Expenses</u>

        1.  <u>Parking Fees, Supplies, Publications and Subscriptions, Informants</u>

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  A business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry and is necessary if it is appropriate and helpful for the development of the business.  <u>See</u> <u>Commissioner v. Heininger</u>, 320 U.S. 467, 471 (1943); <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940). The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact.  <u>See</u> <u>Commissioner v. Heininger</u>, 320 U.S. at 475.

The term "trade or business" includes performing services as an employee.  <u>Primuth v. Commissioner</u>, 54 T.C. 374, 377-378 (1970).  However, expenses for

which an employee could claim reimbursement from his or her employer, but does not, are not ordinary and necessary expenses. See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

Petitioner claimed deductions for expenditures for parking fees, supplies, publications and subscriptions, and informants for 2009 and 2010.[4] Respondent disallowed the deductions for lack of substantiation. Petitioner did not present any records to substantiate the expenses, nor did she make a reasonable reconstruction of the expenses, and there is no evidence in the record that would allow us to estimate the amount of an allowable deduction. See Vanicek v. Commissioner, 85 T.C. at 743. Consequently, respondent's determination disallowing these deductions is sustained.

## 2. Cellular Phone Expenses

During the taxable year 2009 cellular phones were listed property under section 280F(d)(4)(v) and, therefore, subject to the strict substantiation requirements of section 274(d). For the taxable year 2010, however, cellular phones were removed from the definition of listed property.

---

[4]There is no evidence in the record that News-Democrat maintained an accountable plan providing reimbursement to employees for these types of expenses.

Petitioner claimed deductions on her Schedules A for 2009 and 2010 for unreimbursed employee expenses related to her use of a cellular phone.[5] The record includes copies of petitioner's monthly billing statements for her cellular phone service covering the period December 6, 2008, through December 5, 2009. However, she did not provide a written log or other record distinguishing business calls from personal calls. Although petitioner testified credibly at trial that she used her cellular phone primarily for business purposes, she also acknowledged that she used the phone to communicate with her daughter while she was working or otherwise away from home. In the absence of a written log, a reasonable reconstruction of the same, or other secondary evidence corroborating her testimony, petitioner has failed to satisfy the strict substantiation requirements of section 274(d) as they apply to her cellular phone expenses for 2009.

Petitioner, somewhat inexplicably, did not provide any records, such as monthly billing statements, related to her cellular phone service for 2010, eliminating any opportunity for the Court to estimate her expenditures under the Cohan doctrine for that year.

---

[5]There is no evidence in the record that News-Democrat maintained an accountable plan providing reimbursement to employees for cellular phone expenses.

Consistent with the foregoing, we sustain respondent's determination disallowing the deductions that petitioner claimed for cellular phone expenses on Schedules A for the years in issue.

### 3. Car and Truck Expenses

Car and truck expenses also are subject to the strict substantiation requirements of section 274(d). Petitioner reported on Forms 2106-EZ that she drove 12,870 and 21,690 miles during 2009 and 2010, respectively, related to her work for News-Democrat. News-Democrat reimbursed petitioner $2,281 for 7,426 miles driven in 2009 and $2,322 for 8,299 miles driven in 2010. Petitioner did not offer a mileage log, a reasonable reconstruction of the expenses, or other secondary evidence corroborating her testimony that she incurred car and truck expenses for miles driven in excess of those recognized and reimbursed by News- Democrat. It follows that respondent's determination disallowing the deductions for car and truck expenses reported on petitioner's Schedules A for the years in issue is sustained.

### 4. Mortgage Interest Deductions

A taxpayer generally is entitled to a deduction for qualified residence interest. Sec. 163(h)(2)(D). In general, a qualified residence is defined as a taxpayer's principal residence and one other home that is used as a residence by the taxpayer.

Sec. 163(h)(4)(A)(i).  Qualified residence interest means any interest paid or accrued during a taxable year on acquisition indebtedness or home equity indebtedness with respect to the taxpayer's qualified residence.  Sec. 163(h)(3)(A).

Petitioner claimed deductions for residential mortgage interest in excess of amounts reported on Forms 1098 issued to her for 2009 and 2010.  Respondent disallowed the deductions for lack of substantiation.  Petitioner did not present any records to substantiate the additional amounts, nor did she offer secondary evidence corroborating her testimony.  Consequently, respondent's determination disallowing these deductions is sustained.

### 5.  Charitable Contributions

Section 170(a)(1) provides the general rule that there shall be allowable as a deduction any charitable contribution which is made within the taxable year and verified under regulations prescribed by the Secretary.  Section 1.170A-13(a)(1), Income Tax Regs., provides that a taxpayer shall maintain a record of a contribution of money in the form of a canceled check, a receipt from the donee organization, or other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution.  Section 1.170A-13(b), Income Tax Regs., provides that a taxpayer shall maintain a record of a contribution of property other than money in the form of a receipt (or letter) from the donee

organization showing the name of the donee, the date and location of the contribution, and a detailed description of the property. If it is impractical to obtain a receipt under the circumstances, the taxpayer must maintain reliable written records with respect to each item of donated property. Id. Pursuant to section 170(f)(8), no deduction is allowed for a charitable contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment from the donee organization that includes (1) the amount of cash and a description (but not the value) of any property other than cash contributed, (2) a statement whether the donee organization provided any goods or services in consideration, in whole or in part, for the contribution, and (3) a description and good-faith estimate of the value of any goods or services provided in consideration for the contribution.

Petitioner claimed deductions for charitable contributions of $995 and $875 on her tax returns for 2009 and 2010, respectively. Respondent disallowed the deductions for lack of substantiation. Petitioner did not present any records to substantiate the contributions, such as canceled checks or receipts from the donee charitable organizations, nor did she offer secondary evidence corroborating her testimony. As a result, respondent's determination disallowing these deductions is sustained.

## II. Schedules C: Car and Truck Expenses

Petitioner claimed deductions for car and truck expenses of $4,312 and $3,215 on Schedules C for 2009 and 2010, respectively, in connection with her work as a freelance reporter for Argus.

As previously discussed, expenses related to the use of a car are subject to the strict substantiation requirements of section 274(d). Petitioner did not offer a mileage log, a reasonable reconstruction of these expenses, or other secondary evidence corroborating her testimony that she incurred car expenses related to her work for Argus. Although it is quite likely that petitioner incurred some transportation expenses in connection with her work for Argus, we are obliged to sustain respondent's determination disallowing the car expenses she reported on Schedules C for the years in issue.

## III. Accuracy-Related Penalties

Section 6662(a) and (b)(1) imposes a penalty equal to 20% of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). Negligence also includes any failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-

3(b)(1), Income Tax Regs.; see Olive v. Commissioner, 139 T.C. ____, ____ (slip op. at 40) (Aug. 2, 2012).

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment.  Sec. 1.6664-4(a), Income Tax Regs.  The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Reliance on a tax professional may demonstrate that the taxpayer had reasonable cause and acted in good faith where the taxpayer establishes that:  (1) the adviser was a competent professional with sufficient expertise to justify the taxpayer's reliance, (2) the taxpayer provided the adviser with necessary and accurate information, and (3) the taxpayer actually relied in good faith on the adviser's judgment.  3K Inv. Partners v. Commissioner, 133 T.C. 112, 117 (2009); DeCleene v. Commissioner, 115 T.C. 457, 477 (2000).

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. at 446-447.

Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Id. at 447; see Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Respondent has discharged his burden of production under section 7491(c) by showing that petitioner failed to keep adequate records and properly substantiate her claimed expenses. See sec. 1.6662-3(b)(1), Income Tax Regs.

Although petitioner relied on a paid tax preparer and trusted him to properly prepare her tax returns for 2009 and 2010, there is no evidence in the record regarding Mr. Naes' experience or qualifications that would support the conclusion that she reasonably relied on him. Petitioner hired Mr. Naes on the recommendation of a friend without investigating his qualifications or background. Mr. Naes did not take the time to review the returns with petitioner, and she did not undertake to review the returns on her own.

Taxpayers have a duty to review their tax returns before signing and filing them, and the duty of filing accurate returns cannot be avoided by placing responsibility on a tax return preparer. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987); Magill v. Commissioner, 70 T.C. 465, 479-480 (1978), aff'd, 651 F.2d 1233 (6th Cir. 1981).

Petitioner failed to establish that her reliance on her return preparer was reasonable or in good faith. Thus, on the record presented, we are unable to conclude that petitioner acted with reasonable cause and in good faith within the meaning of section 6664(c)(1). Accordingly, petitioner is liable for the accuracy-related penalty under section 6662(a) on the amounts of the underpayments of tax to be computed as part of the Rule 155 process.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.